**UNITED STATES of America, Plaintiff,**

v.

**Franklin Delano LOPEZ, Defendant.**

**Cr. No. 93–386.**

United States District Court,
D. Puerto Rico.

June 3, 1994.

---

Epifanio Morales, Miguel A. Pereira, Asst. U.S. Attys., Guillermo Gil, U.S. Atty., San Juan, PR, for plaintiff.

Alan R. Feuerstein, Frank Pola, San Juan, PR, for defendant.

1. For a background of López' allegations regarding vindictive prosecution and lack of financial loss by the banks, refer to our three previous opinions and orders: *United States v. Franklin*

## *ORDER*

FUSTE, District Judge.

The United States has moved for an in limine ruling regarding the admission of certain evidence at the trial of defendant Franklin Delano López. Specifically, the government anticipates that the defendant will raise both lack of financial loss by the banks, and retaliatory prosecution as defenses to the charges against him.[1] As a preemptive strike, the prosecution would like evidence of each of these issues to be prohibited. We view this motion in limine with some skepticism, as it is difficult to make evidentiary rulings in a vacuum, but we will provide the following guidelines.

### *Evidence Regarding Financial Loss by Banks*

Defendant has been indicted under 18 U.S.C. § 1343 and 18 U.S.C. § 1014. 18 U.S.C. § 1014 provides in pertinent part:

Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by . . . the Federal Deposit Insurance Corporation . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5,000 or imprisoned not more than two years or both.

■ The prosecutor requests that any evidence of whether the banks suffered actual loss be kept out of trial. The government is correct in asserting that because loss is not an element of the crime under section 1014 and, therefore, lack of loss is not a defense, evidence regarding the lack of loss is irrele-

*Delano López,* 854 F.Supp. 41 (D.P.R.1994); *United States v. Franklin Delano López,* 854 F.Supp. 41 (D.P.R.1994); *United States v. Franklin Delano López,* 854 F.Supp. 50 (D.P.R.1994).

vant. *See United States v. Waldrip*, 981 F.2d 799, 806 (5th Cir.1993).

■ Defendant argues that the amount of actual loss is admissible as a defense to whether López had the intent to influence the banks by presenting the allegedly fraudulent documents. López contends that his loans were over-collateralized and the contested documents were only used for various banking requirements, not as collateral, and, therefore, were not intended to influence the bank. While over-collateralization may be relevant to the issue of intent to influence the action of the banks, we do not see why proof of the absence of loss is directly relevant to the collateral issue. Defendant may submit evidence of the sufficiency of other collateral in order to try to convince the jury that the banks did not need the allegedly fraudulent documents, but this argument does not necessitate evidence of lack of a monetary loss on the part of the banks.

■ López also suggests that any curtailing of his ability to elicit testimony about loss by the banks may violate his Sixth Amendment right to confront witnesses against him. We take it that López is referring to his claims that various witnesses committed perjury before the grand jury regarding the extent of loss sustained by the banks. Of course, the Confrontation Clause guarantees the right of criminal defendants to cross-examine witnesses in order to show their possible motive, self-interest or lack of credibility. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). However, a trial judge may still limit cross-examination based on issues such as harassment, prejudice, confusion of the issues, repetitiveness or lack of relevance. *Id.; see also United States v. Innamorati*, 996 F.2d 456 (1st Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 409, 126 L.Ed.2d 356 (1993). Evidence of perjury, inexactitude or exaggeration before the grand jury could be relevant to the credibility of the witnesses who allegedly gave false testimony before the grand jury. For this impeachment purpose, we will allow questions on cross-examination if the defense has a good-faith basis for inquiring about those areas.

However, counsel should be mindful of Fed.R.Evid. 608(b), which provides: "[S]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence." While we will allow defense counsel to cross-examine in order to develop whether untruths were told to the grand jury, counsel is limited to whatever answers are given by the witness, and will not be allowed to introduce extrinsic evidence regarding the extent of financial loss. Limiting the evidence in this manner—for impeachment purposes—does not implicate the confrontation clause, as cross-examination will provide defendant with sufficient opportunity to probe the credibility of witnesses. *See United States v. Machado*, 804 F.2d 1537, 1545 (11th Cir.1986).

### Retaliatory Prosecution

Defendant argues that he should be allowed to bring before the jury evidence that he has been the victim of vindictive and selective prosecution. He cites *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448 (9th Cir.), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986), for the proposition that when a motion to dismiss an indictment is made after first being raised pre-trial, the motion should be determined by the jury. What *Shortt* actually held was that there are three types of pretrial motions. "If the pretrial claim is 'substantially founded upon and intertwined with' evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred [to trial]". *Id.* at 1452 (quoting *United States v. Barletta*, 644 F.2d 50, 57–58 (1st Cir.1981)). Where the issue raised in the pretrial motion is entirely separate from the evidence to be presented at trial, the district court must decide the issue before trial. *Id.* Finally, if the pretrial motion requires some evidence which is to be presented at trial, the decision of whether to defer the motion to trial is left to the discretion of the judge.

■ A claim of selective or vindictive prosecution fits into the second category, as it is completely separate from the ultimate issue

of whether the defendant committed the crimes charged. Therefore, such a claim is not properly submitted to the jury. Fed. R.Crim.P. 12(b);[2] *United States v. Washington*, 705 F.2d 489 (D.C.Cir.1983). The evidence alleged in defendant's motion claiming selective prosecution, which involved various claims regarding defendant's influence in the selection of the next U.S. Attorney for Puerto Rico, has no bearing whatsoever on whether the defendant committed the crimes alleged, and will not be allowed at trial.

### Conclusion

The motion to exclude evidence of the lack of financial loss by the bank is **GRANTED**, except for impeachment purposes on cross-examination. The motion to exclude evidence of retaliatory or vindictive prosecution is **GRANTED.**

**IT IS SO ORDERED.**

---

**2.** Fed.R.Crim.P. 12(b) provides: "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must be raised prior to trial: (1) Defenses and objections based on defects in the institution of the prosecution."